UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMMANUEL T. EREME,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:06-2470 |
| v. | : | (CONNER, D.J.) |
| | | (MANNION, M.J.) |
| **WALTER STAPLES, <u>et al.</u>,** | : | |
| Defendants | : | |

### REPORT AND RECOMMENDATION

Before the court is the plaintiff's complaint, filed on December 27, 2006, which the plaintiff brings pursuant to 42 U.S.C. §1983 and <u>Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In the complaint, the plaintiff, a Federal prisoner at the United States Penitentiary Canaan, Waymart, Pennsylvania, raises various allegations of a violation of his civil rights under the laws and constitutions of the United States and Maryland. The allegations stem from an investigation into the plaintiff's pharmacy in Prince George's County, Maryland, by the U.S. Drug Enforcement Agency, agencies of the government of Maryland, and the Prince George's County Police Department, which led to the plaintiff's indictment, trial, and conviction. All of the facts underlying the plaintiff's complaint occurred in Maryland. All of the defendants are residents of Washington, D.C., or Maryland.

Having preliminarily considered the plaintiff's complaint, the court finds that it lacks jurisdiction to entertain the suit. With respect to the defendants who are employees of the state of Maryland and the county of Prince George, 28 U.S.C. § 1391(b) provides:

A civil action wherein jurisdiction is not founded solely on diversity of

citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

With respect to the Federal defendants, 28 U.S.C. § 1391(e) provides:

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

Thus, it is clear that, as none of the defendants reside within the Middle District of Pennsylvania and none of the facts underlying the complaint occurred within the Middle District of Pennsylvania, jurisdiction does not lie with the Middle District of Pennsylvania. Rather, it is evident that jurisdiction properly lies with the District of Maryland.

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the plaintiff's complaint be transferred to the U.S. District Court for the District of Maryland.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: February 23, 2007
O:\shared\REPORTS\2006 Reports\06-2470.01.wpd

2